

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0442-17

### BRIAN JASON WHITE, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

KELLER, P.J., filed a concurring opinion in which KEASLER, YEARY, and KEEL, JJ., joined.

The court of appeals based its decision in this case on our opinion in *Robinson*.[1] Appellant says the present case is different because *Robinson* involved a pre-trial motion to suppress and this case involves evidence offered at trial. This distinction is superficially appealing but it is, in my opinion, ultimately untenable. There is a better way to determine who has the burden in questions of admissibility of evidence. I write separately to explain my view.

In *Vinson v. State*, this Court said that "the proponent of evidence ordinarily has the burden"

---

[1] *State v. Robinson*, 334 S.W.3d 776 (Tex. Crim. App. 2011).

to establish its admissibility.[2] The use of the word "ordinarily" indicates that there are exceptions to this general rule, and so, it is not always true that the proponent of the evidence has the burden at trial to prove its admissibility. Sometimes the burden regarding admissibility falls on the opponent of the evidence.

The problem with a statement about the burden being on a particular party to prove that evidence is admissible or inadmissible is that it oversimplifies the issue. Admissibility of a particular item of evidence depends on what conditions for admissibility are established by a rule of evidence, a statute, or a constitutional provision. Who has the burden at trial to prove a particular condition for admissibility depends on what type of issue is being litigated. In general, if the issue relates to a rule of *admission*, it is indeed the proponent's burden to prove the conditions for admissibility.[3] If the issue relates to a rule of *exclusion*, however, generally speaking, it is the opponent's burden to prove the conditions for exclusion. As we shall see, though, the analysis can become quite complicated, primarily because rules of exclusion often have exceptions, and those exceptions generally function as rules of admission, on which the proponent has the burden of proof. And the exceptions are often the real bone of contention between the parties.

Before I get to the nuts and bolts of how I believe this works, I mention two caveats. First, the proponent of evidence does not have a burden to do anything until the opponent[4] articulates a reason to believe that the evidence is inadmissible.[5] After that, the proponent's burden is limited to

---

[2] 252 S.W.3d 336, 340 (Tex. Crim. App. 2008).

[3] There may be exceptions to that principle, as I shall explain later.

[4] Or in some situations, the trial court.

[5] *State v. Esparza*, 413 S.W.3d 81, 86 & nn.20-21 (Tex. Crim. App. 2013).

providing a response to that reason.[6] Second, there are actually two types of burdens of proof: the burden of production and the burden of persuasion.[7] The burden of production is the burden to produce evidence sufficient to support a finding that the condition in question is true.[8] The burden of persuasion is the burden—sometimes in the face of controverting evidence—to convince the finder of fact that the condition in question is true.[9] The burdens of production and persuasion are sometimes, but not always, on the same party.[10] Because trial courts are given great deference in deciding whether a party has met the burden of persuasion,[11] the burden appellate courts are generally concerned with in determining the admissibility of evidence is the burden of production.

---

[6] The issue is more nuanced from the appellate point of view. *See id.* at 85-86 (discussing *Calloway* rule, which allows prevailing party at trial to prevail on appeal on a theory not raised at trial but recognizing an exception to that rule when it would work a manifest injustice on the appealing party by depriving the party of the opportunity to develop a complete factual record with respect to the legal theory that was not presented to the trial court).

[7] *Id.* at 88.

[8] *Williams v. State*, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993) ("[W]hether an accused voluntarily released his victim alive and in a safe place 'is not submitted to the jury unless evidence is admitted supporting' a finding that he did. In other words, the accused has the threshold burden of production.") (citation omitted).

[9] *Alford v. State*, 806 S.W.2d 581, 585 (Tex. App.—Dallas 1991), *affirmed*, 866 S.W.2d 619 (Tex. Crim. App. 1993) ("The burden of persuasion is the burden of persuading the trier of fact that the fact is true.") (citing MCCORMICK ON EVIDENCE § 336, at 947 (3d ed. 1984)).

[10] *See Esparza*, 413 S.W.3d at 88 (burden of production and persuasion on State to establish scientific reliability of its proffered evidence; burden of production and persuasion on defendant with respect to whether the evidence was suppressible as illegally obtained under the Fourth Amendment); *State v. Klima*, 934 S.W.2d 109, 112 (Tex. Crim. App. 1996) (Clinton, J., concurring) (burden of production and persuasion on defendant to establish reasonable expectation of privacy in the place searched).

[11] *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (referring to "the long-standing rule that appellate courts should show almost total deference to a trial court's findings of fact especially when those findings are based on an evaluation of credibility and demeanor").

As I have indicated earlier, for rules of admission, the burden is generally on the proponent to show that the evidence is admissible.[12] For example, the proponent has at least an initial burden to demonstrate that the proffered evidence is relevant[13] and authentic.[14] When expert testimony is at issue, the proponent has the burden to establish reliability.[15]

For rules of exclusion, however, the burden is generally on the opponent of the evidence to show that the evidence is inadmissible.[16] For hearsay, for example, which is a rule of exclusion, we

---

[12] Sometimes that burden is only one of production. *See infra* at n.14 (authentication). Other times, the proponent has the burden of both production and persuasion. *See infra* at n.15 (expert testimony).

[13] *See* TEX. R. EVID. 401(a) ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."); *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) ("To support the admission of evidence of escape from custody or flight it must appear that the escape or flight have some legal relevance to the offense under prosecution" but once that is established "the burden shifts to the defendant to show affirmatively the escape and flight directly connected to some other transaction and further that it was not connected with the offense at trial."); *Chambers v. State*, 866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993) ("[T]he burden of showing the relevance of particular evidence to the issue of bias rests on its proponent."); *Hickey v. State*, 45 Tex. Crim. 297, 302, 76 S.W. 920, 921 (1903) ("Before evidence in regard to the bullet alleged to have been found upon the ground could be introduced, it must be shown to have some connection, or in some manner tend to solve some issue in the case. In other words, it must be in some way connected with or relevant to the matters at issue."); *U-Haul Int'l v. Waldrip*, 380 S.W.3d 118, 135 (Tex. 2012) ("Waldrip did not carry his burden of showing the relevance of this evidence."). *See also* TEX. R. EVID. 402.

[14] TEX. R. EVID. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

[15] *Esparza,* 413 S.W.3d at 86, 88. *See* TEX. R. EVID. 702.

[16] Our caselaw regarding TEX. R. EVID. 403 provides an example of an exception to this distinction, in that we have declined to place the burden on either party with respect to the rule as a whole. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g). However, if the caselaw factors used to evaluate cases under the rule are viewed as part of the rule, our treatment of those factors would generally be consistent with the framework I have set out. We have suggested that it is appropriate to require the proponent to demonstrate probative value and

have held that the opponent of the evidence bears the burden to show that evidence is hearsay,[17] but once hearsay is shown, the proponent bears the burden of establishing an exemption or exception to the hearsay rule.[18]  The cases are uniform that, if the issue is whether certain evidence *meets the basic definition of hearsay*,[19] the opponent of the evidence has the burden.[20]  As mentioned above, it is frequently the case with rules of exclusion that the real dispute is over whether a certain

---

need for the evidence and require the opponent to demonstrate prejudice.  *Id.* ("The evidence may be proffered long before the opponent is capable of gauging the proponent's 'need' for it. . . .  In that event he would be ill equipped to 'demonstrate' whether at least one major factor in the analysis militates for or against exclusion.  Indeed, it is the proponent of the evidence who is in the best position to advance the relative probativeness of his evidence. . . . The court would do well to inquire of the opponent what his view of the prejudice is. On the other hand, the court should ask the proponent to articulate his need.").

[17]  *Edwards v. State*, 561 S.W.2d 834, 837 n.1 (Tex. Crim. App. 1977) ("The burden of showing this testimony was hearsay was on the appellant."); *Beal v. State*, 520 S.W.2d 907, 911 (Tex. Crim. App. 1975) (similar statement); *Boening v. State*, 422 S.W.2d 469, 473 (Tex. Crim. App. 1967) ("In the case at bar the source of the witness' knowledge is not shown. It was therefore incumbent upon appellant to reinforce his objection by demonstrating to the court that such testimony was in fact hearsay. This he failed to do."). *See also Martinez v. State*, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000) ("Since the trial court implicitly found Rudd qualified as an expert, the State had no burden to invoke an exception to the hearsay rule. Rudd was free to offer his opinion based on Pena's report."); *Compton v. State*, 607 S.W.2d 246, 252 (Tex. Crim. App. 1980) ("Because neither the check nor its content constituted hearsay evidence, there was no burden upon the State to establish its admissibility as an exception to the rule prohibiting hearsay.").

[18]  *Taylor v. State*, 268 S.W.3d 571, 578-79 (Tex. Crim. App. 2008) ("Once the opponent of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character."); *Martinez v. State*, 178 S.W.3d 806, 815 (Tex. Crim. App. 2005) ("Appellant objected to the testimony as hearsay; it was hearsay, and thus his objection was both proper and sufficient. If the testimony fit some exception or exemption to the hearsay rule (or if the evidence was not being offered for the truth of the matter asserted) the State, as the proponent of the evidence, had the burden of demonstrating the applicability of that exemption or exception.").

[19]  See TEX. R. EVID. 801(d).  Statements classified in Rule 801(e) as "not hearsay" are considered "exemptions," on which the proponent has the burden of proof.

[20]  *See supra* at n.17.

exception applies. This is true with hearsay. Although the initial burden is on the opponent to show that the evidence is hearsay, the debate is often about whether an exemption or exception applies that would make evidence admissible—an issue on which the proponent has the burden.

For constitutional rules that operate to exclude evidence, the burdens of proof are allocated similarly, with the opponent being required to show factors favoring exclusion and the proponent only then being required to show factors favoring admission. For Fourth Amendment issues, the defendant who seeks to suppress evidence "has the burden of producing evidence that rebuts the presumption of proper police conduct."[21] One method of doing this would be to produce evidence of a search or seizure and the absence of a warrant.[22] The defendant also has the burden of showing that he has standing to contest the search or seizure, such as a reasonable expectation of privacy in the place searched.[23] If the defendant rebuts the presumption of proper police conduct and also shows standing, then and only then does the State have the burden to show the reasonableness of the search or seizure.[24] Likewise, for Fifth Amendment *Miranda*[25] claims, the defendant has the burden

---

[21] *Robinson*, 334 S.W.3d at 778-79. *See also Delafuente v. State*, 414 S.W.3d 173, 176 (Tex. Crim. App. 2013).

[22] *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013); *State v. Woodard*, 341 S.W.3d 404, 414 (Tex. Crim. App. 2011) ("Until Woodard established that he was seized without a warrant, he retained the burden; without proof of a seizure the burden did not shift."); *Robinson*, 334 S.W.3d at 779 ("[T]he State stipulated to the warrantless arrest, thereby relieving appellee from the burden of rebutting the presumption of proper police conduct.").

[23] *Handy v. State*, 189 S.W.3d 296, 299 & n.2 (Tex. Crim. App. 2006); *Klima*, 934 S.W.2d at 110-11.

[24] *Abney*, 394 S.W.3d at 547; *Robinson*, 334 S.W.3d at 779.

[25] *Miranda v. Arizona*, 384 U.S. 436 (1966).

to show that his statement was the product of custodial interrogation.[26] Only after that is done does the State have the burden to show that the proper warnings were given in compliance with *Miranda*.[27]

With this background, I consider Article 38.23. The statute is framed as a rule of exclusion: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."[28] When the Article 38.23 allegation is that evidence was obtained in violation of a constitutional provision, we would look to the jurisprudence associated with that provision to determine the allocation of burdens, though it can generally be said that the defendant will have the burden to show that the constitutional provision was implicated in some way. And if he makes the requisite showing, the State would then have the burden to show compliance with constitutional requirements.

When the Article 38.23 allegation is that evidence was obtained in violation of a statute, we would look to the particular statute to determine who has what burdens of proof. With any statute, the defendant must at least produce some evidence of a statutory violation.[29] When the statute at issue is one that proscribes a criminal offense, such as the statute before us,[30] the allocation of

---

[26] *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

[27] *Id.* I am not attempting to exhaustively describe the various constitutional rules and to whom the burden of proof is allocated but to illustrate how different parties can have burdens on different issues relating to a particular constitutional rule.

[28] TEX. CODE CRIM. PROC. art. 38.23(a).

[29] *Robinson*, 334 S.W.3d at 779.

[30] TEX. PENAL CODE § 16.02.

burdens is usually easy to determine. The defendant has essentially the same burdens that the State would have in a prosecution under the statute, except that the standard of proof would be a preponderance of the evidence instead of beyond a reasonable doubt. That is, anything that is an element of the offense is something the defendant has the burden to prove.[31] Anything that is an affirmative defense is something the State has the burden to prove.[32] Anything that is a true defense is something on which the State has the burden of production and the defendant has the burden of persuasion.[33]

So, the defendant who claims that evidence is inadmissible under Article 38.23 because it was obtained in violation of Penal Code § 16.02 (unlawful interception of communications) is in the same position as a prosecutor charging a crime under § 16.02, except that the defendant only has to prove the crime by a preponderance of the evidence. The elements that the State would have to prove in a § 16.02 prosecution are elements the defendant has to prove to establish a statutory violation for the purpose of excluding evidence under Article 38.23. The affirmative defense of consent-by-a-party-to-the-conversation is then something the State has to prove.

I am aware of only one citation that supports the notion that the burden on admissibility issues depends solely upon the stage of the proceedings at which an issue is litigated: the *concurring opinion* in *Robinson*.[34] But it is just a concurring opinion, not adopted by this Court, and there is

---

[31] *See id.* § 2.01 (State required to prove elements of offense in a criminal prosecution).

[32] *See id.* § 2.04(d) (defendant required to prove elements of affirmative defense in a criminal prosecution).

[33] *See id.* § 2.03(c), (d) (defendant has burden of production, State has burden of persuasion in a criminal prosecution).

[34] *See Robinson*, 334 S.W.3d at 780-82 (Cochran, J., concurring).

caselaw that seems to be to the contrary.

In *Russell v. State*, we said, "Texas statutory law is silent as to how the burden of proof is distributed in a motion to suppress. This Court, therefore, seemingly has adopted, at least in some respects, the rules followed by federal courts in distributing the burdens of proof."[35] In support of the holding that the movant in a motion to suppress had the burden to defeat the presumption of proper police conduct, we cited *Mattei v. State*, which in turn relied upon federal cases.[36] In *Mattei*, the defendant had filed a motion to suppress, but the suppression issue was litigated at trial.[37] We quoted extensively from the Fifth Circuit decision of *Rogers v. United States*,[38] which placed the burden on a defendant who seeks the protection of an exclusionary rule of evidence: "When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case."[39] The discussion continued by focusing on the nature of the admissibility issue as the reason for how the burden of proof was allocated, and not on whether the motion was litigated

---

[35] 717 S.W.2d 7, 9 n.5. (Tex. Crim. App. 1986).

[36] *Id.* at 9.

[37] 455 S.W.2d 761, 763 (Tex. Crim. App. 1970) ("At this point appellant's counsel, who had prepared a motion to suppress and objection to the search, requested voir dire examination of the witness out of the presence of the jury. . . . Following the voir dire examination of Officer Shelton there was a conference held at the bench between counsel, and the court announced to the jury: '— there is a certain witness in connection with this motion that is not here. He is up at Fort Hood or somewhere around Killeen, and it has necessitated a recess for forty-five minutes until they can get him here because we can't proceed with the motion until we do, so consequently we will recess at this time for forty-five minutes. —'. . . At the conclusion of the hearing on appellant's motion to suppress the court ruled: 'The defendant's motion to suppress is denied. Bring in the jury, Mr. Sheriff.'").

[38] 330 F.2d 535 (5th Cir. 1964).

[39] *Mattei*, 455 S.W.2d at 766 (quoting *Rogers*, 330 F.2d at 542).

before trial or during trial.[40]

More recently, this Court held in *Herrera* that, "*[a]t trial*, the defendant bears the initial burden of proving that a statement was the product of 'custodial interrogation'" for *Miranda* purposes.[41] A motion to suppress was filed in *Herrera*, but the *Miranda* issue was litigated at trial.[42]

Our cases show a more complex treatment of exclusionary rules of evidence than the pretrial/trial distinction advocated by Appellant. The framework I have set forth is consistent with these cases, while Appellant's proposed "stage of proceedings" rule is not.

With these comments, I join the Court's opinion.

Filed: June 13, 2018
Publish

---

[40] *Id.* (quoting *Rogers*, 330 F.2d at 542-43) ("It is true, however, that in asserting an illegal arrest the defendant must satisfy this burden by showing that the arrest was made without a warrant. While an arrest pursuant to a warrant is prima facie evidence of probable cause, the prosecutor should be forced to come forward with evidence of probable cause in the absence of a warrant. Without such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant. Furthermore, the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies.") (citations omitted).

[41] 241 S.W.3d at 526 (emphasis added).

[42] *Id.* at 523 ("Before trial, Gerald had filed a motion to suppress the statements that he made to Investigator Powell. Although Gerald did not request a pretrial suppression hearing, during Investigator Powell's testimony at trial, Gerald, citing his motion to suppress, objected when Investigator Powell began to testify about his conversation with Gerald in the jail. The judge then excused the jury and allowed the parties to question Investigator Powell about the circumstances surrounding the interview.").