

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-15-00201-CR

_____

MICHAEL RAY SENN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1308222R

Dissenting Opinion on Remand and on Rehearing by Justice Gabriel

## DISSENTING OPINION ON REMAND AND ON REHEARING

The majority holds that because the State failed to prove that appellant Michael Ray Senn actually committed bigamy at the time he sexually assaulted his biological daughter, the evidence was insufficient to prove the alleged first-degree enhancement, entitling Senn to a new trial on punishment. Because I believe the court of criminal appeals has twice stated that the State need only introduce evidence showing that the defendant would have been guilty of bigamy if he were to marry or claim to marry his victim, I would initially conclude that the State met its burden of proof regarding the enhancement allegation and would request a response to the State's motion for rehearing.

The majority points out an inconsistency in one of the cases controlling this court's analysis: *Arteaga v. State*, 521 S.W.3d 329 (Tex. Crim. App. 2017). In one portion of its opinion, the court of criminal appeals declares that in a prosecution for sexual assault including the enhancement allegation, the State "is required to prove facts constituting bigamy." *Id.* at 335. The court then immediately followed this statement with a clarifying, and now pivotal, footnote:

> When we discuss "facts that *would* constitute bigamy," we do not mean that the State has to prove that the defendant committed the offenses of sexual assault and bigamy. What we mean is that, to elevate second-degree felony sexual assault to first-degree felony sexual assault . . . , the State must prove that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he *would* be guilty of bigamy.

2

*Id.* at 335 n.9.

I agree with the majority that these two holdings conflict and give this court inconsistent guidance on the State's burden of proof on the sexual-assault enhancement. And if the court of criminal appeals had stopped there, I possibly would have deferred to the majority's choice of the appropriate holding to follow. But I disagree with the majority to the extent its choice is based on the location of the "would have constituted" holding in the court of criminal appeals' opinion. The court of criminal appeals has held that it is not constrained to follow its own footnotes, but it has recognized that it is bound by footnotes authored by the United States Supreme Court. *See Gonzales v. State*, 435 S.W.3d 801, 813 n.11 (Tex. Crim. App. 2014) (stating *in a footnote* that although it is not "bound" by its footnote holdings, it is bound by Supreme Court holdings contained in footnotes). As the court of criminal appeals is bound by the court tasked with the discretionary review of its opinions, we also should be bound by the court of criminal appeals' similar directives to us. Further, the court of criminal appeals frequently relies on its own footnotes, weakening its prior pronouncements that footnotes have minimal precedential value. *See, e.g., Estes v. State*, 546 S.W.3d 691, 699 & n.50 (Tex. Crim. App. 2018) (quoting *Arteaga*, 521 S.W.3d at 335 n.9 for that opinion's holding); *McClintock v. State*, 444 S.W.3d 15, 20 & n.20 (Tex. Crim. App. 2014) (citing *State v. Gobert*, 275 S.W.3d 888, 891–92 n.12 (Tex. Crim. App. 2009) as support for what the court previously "held"); *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999) (citing *Boykin v. State*, 818 S.W.2d

3

782, 785–86 & 786 n.4 (Tex. Crim. App. 1991) to support legal holding). *See generally Gonzales*, 435 S.W.3d at 813 n.11 ("Finally, it is not clear how much precedential value a pronouncement delivered by this Court in a footnote should carry, considering that we have stated [in a footnote] that footnotes 'should receive minimal precedential value.'" (quoting *Young v. State*, 826 S.W.2d 141, 144 n.5 (Tex. Crim. App. 1991))). Disregarding the placement of a court of criminal appeals' holding—in the text or in a footnote—seems appropriate especially because the court of criminal appeals recently and routinely began placing all of its supporting citations in footnotes. *See, e.g.*, *Beham v. State*, No. PD-0638-17, 2018 WL 4344389, at *1–7 (Tex. Crim. App. Sept. 12, 2018); *White v. State*, 549 S.W.3d 146, 147–58 (Tex. Crim. App. 2018).

In any event, the court of criminal appeals did not stop at its "facts constituting bigamy" holding in the text. In *Arteaga*, Judge Kevin Yeary filed a concurring opinion that addressed the inconsistency between the text and footnote 9 and posited that the correct holding was that "the State need not 'prove facts constituting bigamy' in the sense that it must prove the actor *actually* committed bigamy." 521 S.W.3d at 341 (Yeary, J., concurring). Indeed, he concluded that because footnote 9 clarified the court's holding that the facts need only show bigamy would have been committed if the perpetrator were to marry the victim, he was "satisfie[d] . . . that the Court's understanding [was] the same as [his] own." *Id.* at 344. The *Arteaga* majority did not respond to Judge Yeary's stated understanding of its holding.

Almost a year after *Arteaga*, the court of criminal appeals again addressed the sexual-assault enhancement in *Estes*. 546 S.W.3d at 699–702. The *Estes* court relied on *Arteaga* and began its analysis of section 22.011(f)—the sexual-assault enhancement—by summarizing the *Arteaga* holding to be that as stated in footnote 9: "We have interpreted Section 22.011(f) as essentially requiring proof 'that the defendant committed sexual assault and that, if he were to marry or claim to marry his victim, or to live with the victim under the appearance of being married, then he would be guilty of bigamy.'" *Id.* at 699 & n.50 (quoting *Arteaga*, 521 S.W.3d at 335 n.9). Therefore, the court of criminal appeals recognized that its holding in *Arteaga* required the State to establish that the alleged offense would constitute bigamy if the victim and the perpetrator were married or held themselves out to be married, not that bigamy was actually committed.

Accordingly, I would hold that the State was required to proffer sufficient evidence that *if* Senn had married or held himself out to be married to his daughter, he *would have* committed bigamy.[1] Because the State did so by proffering undisputed evidence that Senn was married to someone else at the time he sexually assaulted his daughter, I would preliminarily conclude that the sexual-assault enhancement was

---

[1]The fact that Senn was barred from marrying his daughter by consanguinity does not affect an analysis of the statutory sexual-assault enhancement, which refers solely to bigamy. *See Arteaga*, 521 S.W.3d at 338; *see also Cope v. State*, No. 05-17-00515-CR, 2018 WL 2926752, at *3 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op., not designated for publication).

supported by the evidence and would request a response to the State's motion for rehearing.[2]  *See*  Tex. R. App. P. 49.2.  Because the majority does not, I respectfully dissent.

/s/ Lee Gabriel
Lee Gabriel
Justice

Publish

Delivered:  October 25, 2018

---

[2]The court of criminal appeals, by vacating our prior judgment, also remanded Senn's fourth issue in which Senn argued that the jury charge erroneously lacked a bigamy definition.  *State v. Senn*, No. PD-0145-17, 2017 WL 5622955, at *1 (Tex. Crim. App. Nov. 22, 2017) (not designated for publication).  Because the majority does not address Senn's fourth issue after sustaining his first issue, I express no opinion on the merits of issue four.  In his petition for discretionary review, Senn did not challenge this court's prior determination of his second and third issues.