

# NUMBER 13-20-00031-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC SHANE HARRIS,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

## On appeal from the 443rd District Court
## of Ellis County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Appellant Eric Shane Harris appeals his conviction of four counts of sexual abuse

of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011. Harris was

---

[1] The appeal was transferred to this Court from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

sentenced to four consecutive twenty-year sentences of confinement. *See id.* § 12.33. By one issue, Harris contends that the trial court abused its discretion by excluding evidence of the complainant's alleged sexual history.[2] We affirm.

## I. PERTINENT FACTS[3]

On September 27, 2019, Harris filed a notice of intent to introduce evidence of the complainant's alleged past sexual conduct pursuant to the exceptions of rule 412, which generally excludes evidence of specific instances of a complainant's past sexual conduct in a trial involving sexual assault offenses. TEX. R. EVID. 412; *Hale v. State*, 140 S.W.3d 381, 396 (Tex. App.—Fort Worth 2004, pet. ref'd). In his notice, Harris argued that evidence of the complainant's past sexual history was necessary to rebut the State's scientific evidence.

On October 24, 2019, the trial court held a rule 412 hearing to determine whether it would admit evidence of the complainant's past sexual history. The State offered testimony of a DNA specialist who testified that semen found on the complainant's underwear matched Harris's known sample. The State asked the specialist, "So what is the likelihood of obtaining this profile if the DNA came from Eric Harris?" The specialist replied, "So obtaining this single-source profile is 80.6 octillion times more likely if that DNA came from Eric Harris than if the DNA came from an unrelated, unknown individual."

---

[2] The reporter's records containing the transcript of the hearings the trial court held concerning Harris's rule 412 issue in this case were sealed by the trial court and are sealed on appeal. Therefore, to protect the identity of the alleged child victim, we will refer to her as "the complainant." In addition, Harris's appellate complaint focuses on allegations that the complainant had sex with another child who is related to Harris. To protect this other child's identity, we will refer to him as "the minor relative."

[3] As Harris only challenges the trial court's rule 412 decision, we will set out the facts which are necessary for our analysis of that issue. *See* TEX. R. APP. P. 47.1.

The specialist explained, "So obtaining that profile from the sperm fraction would be 25.6 quadrillion times more likely to obtain that profile if that DNA came from Eric Harris than if it came from a child or biological parent of Eric Harris." The specialist further testified that based on her scientific knowledge, although not tested, Harris's minor relative's DNA would not match the sample found on the complainant's underwear. The specialist said, "It would go against everything we know about DNA being that we would find two people whose DNA were identical."

Harris argued that the DNA evidence attributed to him could have belonged to his minor relative; thus, he asked for the trial court to delay its ruling under rule 412 until he could acquire more evidence and an expert witness to rebut the DNA analysis presented by the State.[4] The State argued that there was no evidence supporting a conclusion that the DNA belonged to anyone other than Harris, and he did not show that the probative value of the evidence outweighed the danger of unfair prejudice. The trial court agreed with the State, and it excluded evidence of the complainant's prior sexual history.

Subsequently, Harris filed an offer of proof "in written form for the [trial] Court's reconsideration of the decision/ruling to deny [Harris's] questioning of witnesses regarding the [complainant's] prior sexual conduct." Harris explained that because the complainant allegedly admitted to her mother "that she had unprotected sexual relations with [Harris's] teenage [minor relative], before that day of the alleged sexual assault by [Harris]," the trial court should allow him to question the complainant's mother about that

---

[4] There is no indication by Harris that he offered contradictory evidence regarding the DNA evidence.

relationship and should allow the complainant's mother "to testify about her knowledge of the sexual relationship." In addition, Harris claimed that his [minor relative] was "aware of the dates that he and the alleged victim had unprotected sex," and his minor relative "should be allowed to be questioned about his sexual relationship with the alleged victim due to the claim that they engaged in sex while on vacation just a few days before the allegation against [Harris]."

On November 18, 2019, the trial court held a pretrial hearing on Harris's rule 412 offer of proof. At this non-evidentiary hearing, Harris explained that the State planned on presenting evidence that he attempted to purchase and eventually did purchase for the complainant the morning after pill (also referred to by the parties as "Plan B"), which according to the parties is a type of emergency-type birth control used after a sexual encounter. Harris stated that he wanted to introduce evidence that he purchased the morning after pill for the complainant because she had unprotected sex with his minor relative. Harris argued

> the jury should be able to decide on that one issue if the State is going to allege that he purchased that pill because he believed that he was the one, [who] would be responsible if she was pregnant. We should be able to rebut that information with the fact that his [minor relative] has also had unprotected sex with her and create the defense that he could be protecting his teenage [minor relative] in case she was pregnant from him.
>
> So that's the sole issue if the State produces . . . the morning after pill testimony, and we should be able to have the defense cross-examine, and also let the jury know that he wasn't the only person that had recently had unprotected sex with her. And if we don't get to question them in that regard, my client is denied . . . due process or a fair trial. Because it's a defense, Your Honor, if they are going to allege that he bought the morning after pill solely because he had sex with the victim, but there is . . . an alternate theory of defense that he bought the morning after pill to protect his [minor relative], at 13, from having a child with another woman, then we

4

are entitled I believe to that defense to rebut that sole issue.

. . . .

Because basically, I would question [the complainant's mother] in regard to her knowledge of the sexual relationship between his [minor relative] and the victim. We question the victim and in regard to her knowledge of the sexual relationship with the [minor relative], and we question the [minor relative] in the same regard to establish that there is also a possibility that it could have been a pregnancy from someone else. Of course, there wasn't one, number one, but there could be an alternate theory for the reasons for my client attempting to or buying the morning after pill.

The State responded that Harris had not stated a valid exception to allow the proffered evidence arguing that the evidence Harris wished to admit is prohibited by rule 412 and that such evidence must be excluded unless Harris was able to show that it fits one of rule 412's exceptions and that the probative value outweighs the prejudicial effects. The State explained that in Harris's written offer of proof "there is no discussion about how, one, it fits any exception or, two, how the probative value outweighs the prejudicial effects." Thus, according to the State the trial court was required to exclude the evidence. Specifically, the State argued that the proffered evidence was "not scientific in nature."

Harris responded as follows:

The exception is 412(E), Judge. We are claiming the constitutional claim and it says it's constitutionally required to be admitted. That is a specific exception to the exemptions of testimony or evidence of 412. So we've made the constitutional claim which is part of the . . . exceptions to 412.

[I]t's just going to be difficult if we can't cross-examine, . . . it takes away . . . a valid defense. [T]he jury gets to weigh the weight of the evidence. We are just asking that we are allowed to cross-examine on it. Because . . . otherwise the State's case is going to be that it's solely the defendant and he is solely responsible, and we are not entitled to any rebuttal of an alternate theory of fact. It's already been discussed; it's in all the police reports; everybody knows it; it's not secret.

5

After considering the argument of both sides, without hearing evidence, the trial court denied Harris's request to question the complainant about her past sexual history.

During trial, outside the presence of the jury, the trial court allowed Harris to make an offer of proof pursuant to rule 412 wherein Harris and the State questioned two of the officers involved in the investigation of Harris's case and the complainant's mother.

One officer testified that he had heard from the complainant's mother that the complainant had had sex with Harris's minor relative. On cross-examination by the State, this officer stated that Harris told him that he did not know about the alleged sexual encounter between the complainant and his minor relative at the time that he purchased the Plan B birth control for the complainant. According to this officer, Harris learned of the alleged sexual encounter between the complainant and his minor relative after the complainant made the allegations against him. In addition, the officer stated that Harris's minor relative denied having sex with the complainant during a forensic interview.

The other officer testified that Harris brought up the alleged sexual encounter between the complainant and his minor relative. According to this officer, a forensic interview was conducted of Harris's minor relative, and the minor relative did not make an outcry of sexual contact with anyone. This officer stated that he recalled that the Plan B incident occurred prior to Harris learning about the alleged sexual encounter between the complainant and Harris's minor relative.

The complainant's mother testified that the complainant and Harris's minor relative both told her that they had sex, and Harris's minor relative said he hoped that the baby

was his.[5] The complainant's mother acknowledged that she did not learn this information until after the complainant made her allegations against Harris.

The trial on the merits commenced, the jury found Harris guilty, and this appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's evidentiary ruling for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). If the trial court's ruling is correct under any applicable legal theory and is reasonably supported by the record, we will not disturb that ruling. *Id.* at 418. Unless it has abused its discretion, we will not disturb a trial court's decision to exclude evidence. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). If the trial court's evidentiary ruling is within the "zone of reasonable disagreement," we will uphold it. *Id.*

"As a 'general' rule, if a party seeks to have evidence admitted during trial, that party usually has the burden to prove that the evidence is admissible: 'In our criminal justice system, the proponent of evidence ordinarily has the burden of establishing the admissibility of the proffered evidence.'" *White v. State*, 549 S.W.3d 146, 151–52 (Tex. Crim. App. 2018). Thus, "the proponent of the evidence must show, or must have satisfactorily shown, that they have carried their burden of demonstrating, by a preponderance of the evidence, that the evidence is admissible." *Id.* at 152.

## III. APPLICABLE LAW

Texas Rule of Evidence 412 is a rape shield law. *Kesterson v. State*, 959 S.W.2d

---

[5] Evidence was presented that the complainant was not pregnant.

7

247, 248 (Tex. App.—Dallas 1997, no pet.); *Wofford v. State*, 903 S.W.2d 796, 798 (Tex. App.—Dallas 1995, pet. ref'd). It protects a complainant from revealing previous sexual conduct except in limited circumstances. *Kesterson*, 959 S.W.2d at 248; *see* TEX. R. EVID. 412 (providing that evidence of the "reputation or opinion evidence of a victim's past sexual behavior" or evidence of "specific instances of a victim's past sexual behavior" are not admissible).[6] Rule 412 has several exceptions stating that "[e]vidence of specific instances of a victim's past sexual behavior is admissible if," in pertinent part, it "is constitutionally required to be admitted." TEX. R. EVID. 412(b)(2)(E). Nonetheless, even if one of the exceptions applies, such evidence is inadmissible unless its probative value outweighs the danger of unfair prejudice. *Id.* R. 412(b)(3); *State v. Dudley*, 223 S.W.3d 717, 724 (Tex. App.—Tyler 2007, no pet.).

## IV.  ANALYSIS

Harris argues that he was entitled to question the complainant, the complainant's mother, and his minor relative about the alleged sexual encounter between the complainant and his minor relative because it would provide an alternative reason why Harris purchased the Plan B birth control for the complainant. Harris offered some evidence that the complainant had sex with the minor relative; however, the evidence also conclusively established that Harris was not aware of this alleged sexual encounter when he purchased the Plan B birth control for the complainant. Each witness stated that the complainant made her outcry of sexual allegations against Harris prior to anyone,

---

[6] Although not charged and convicted with aggravated sexual assault, Harris, the parties, and the trial court proceeded as if rule 412 is applicable to sexual assault of a child. Harris provides no other authority for why he believes the trial court erroneously excluded the proffered evidence.

including Harris, discovering that the complainant and Harris's minor relative allegedly had sex. Thus, Harris did not show that evidence of the complainant's past alleged sexual conduct with Harris's minor relative, could have had any bearing on Harris's reason for purchasing the Plan B birth control for the complainant. Therefore, Harris did not meet his burden of proving that evidence of the complainant's alleged past sexual conduct was admissible to rebut the Plan B evidence. We conclude that the trial court did not abuse its discretion in excluding evidence of the complainant's alleged past sexual conduct. *See Ramos*, 245 S.W.3d at 417–18. We overrule Harris's sole issue.

## V. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of June, 2021.

9