

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00151-CR

———————————————

JOSHUA CHOLICO GALINDO, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1548169D

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Joshua Cholico Galindo appeals from a judgment adjudicating guilt and revoking his probation. In two points, Galindo asserts that the trial court abused its discretion by (1) not appointing an interpreter for Galindo's mother, who was called as a defense witness during the sentencing phase of the revocation hearing, and (2) sustaining the State's hearsay objections to Galindo's attempts to testify about certain conversations he had with his attorney. We will affirm.

## I. Background

In September 2018, Galindo was indicted for sexual assault of a child under 17 years of age. In November 2019, under the terms of a plea bargain, Galindo pled guilty and, in exchange, was granted deferred adjudication and placed on five years' probation.[1]

In March 2022, the State filed a motion to proceed with adjudication of guilt, alleging that Galindo had violated numerous terms of his probation. Galindo pled "not true" to the violations, and the trial court conducted a hearing.

The State called three witnesses and offered four exhibits to prove the alleged probation violations. Galindo did not put on any evidence during his case-in-chief.[2]

---

[1]In addition, Galindo was ordered to avoid contacting the victim, to register as a sex offender, and to pay a $500 fine and $639 in court costs.

[2]Galindo initially called his mother as a witness during his case-in-chief. However, once it became evident that she was only being called for mitigation

2

After both sides rested and closed and presented final arguments on the question of revocation, the trial court found all of the State's alleged probation violations true and adjudicated Galindo guilty.

The trial court then gave each side the opportunity to present evidence concerning punishment. While the State did not put on any additional evidence during the punishment phase, Galindo called two witnesses: his mother and himself.

English is not Galindo's mother's first language, and, as exemplified by the following exchanges, she had difficulty answering some questions.

Q:   And how good is your English?

A:   No.

Q:   (Unintelligible conversation.)

A:   Yeah, I understand maybe a quarter, you know.

. . . .

Q:   How old was [Galindo] when his father left the house?

A:   I born myself – – I mean, he born myself in the – – in this hospital, and I never – – I never – – he was with me all the time.

However, she was able to answer many of the questions asked by defense counsel, including whether Galindo had finished school, whether he had been employed, whether he had been in trouble in the past, whether he lived with her, and whether he takes drugs or drinks alcohol:

purposes, the trial court instructed her to step down and informed Galindo's counsel that he could call her later as a punishment phase witness.

Q:     Did he finish school?

A:     He – – yes, he does school.

Q:     And has he been a working person, having a job?

A:     Yes, all the time.

Q:     And has he gotten in trouble other than all of this before?

A:     No. (Unintelligible conversation.)

       . . . .

Q:     Does he live with you?

A:     Yes, sir.

Q:     And how long has he lived with you?

A:     All – – all the time when he's worked.

       . . . .

Q:     Is he taking drugs?

A:     No.

Q:     Is he drinking alcohol?

A:     No – –

Q:     Is he spending time – –

A:     – – not in the house.

In addition, while she initially struggled to understand defense counsel's question concerning how long she thought Galindo should be sentenced to prison, she ultimately understood the question and gave a clear answer of one or two years.

4

After his mother finished testifying, Galindo took the stand himself. Galindo explained that he had failed to register as a sex offender—as required under the terms of his probation—because he had been busy and had suffered anxiety. He also testified that his father was abusive and left home when Galindo was four years old. He admitted to evading arrest and explained that he knew that he had an outstanding warrant and did not want to be arrested. He testified that he has a four-year-old daughter whom he supports. He also expressed that he should not be sentenced to more than three or four years in prison and that he would prefer a rehabilitation program.

At various points during his testimony, when asked to explain his actions, Galindo attempted to describe conversations he had had with his attorney. Each time, the State objected on hearsay grounds. Galindo made no response to any of these objections, and the trial court sustained them and excluded the testimony.

After both sides rested and closed and presented final arguments on punishment, the trial court sentenced Galindo to ten years in prison. This appeal followed.

## II. Discussion

On appeal, Galindo raises two points. First, he argues that the trial court erred by not appointing an interpreter for Galindo's mother. Second, he argues that the trial court abused its discretion by sustaining the State's hearsay objections to Galindo's

attempts to testify about conversations he had with his attorney. Galindo's arguments lack merit.

## A. Point One: The Lack of an Interpreter

In his first point, Galindo argues that the trial court erred by not appointing an interpreter for Galindo's mother. Specifically, Galindo asserts that the trial court's failure to appoint an interpreter violated Article 38.30(a) of the Texas Code of Criminal Procedure,[3] which provides, in relevant part, as follows:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness.

Tex. Code Crim. Proc. Ann. art. 38.30(a). According to Galindo, Article 38.30(a) imposed an obligation on the trial court to appoint an interpreter for Galindo's mother—even though Galindo never requested one—because it was apparent from her testimony that she had difficulty communicating in English.

However, we reject Galindo's contention that Article 38.30(a) placed any independent duty on the trial court to appoint an interpreter for Galindo's mother—a defense witness—in the absence of a request from Galindo. *See Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd) (recognizing that to

---

[3]Though Galindo's initial brief implies that the trial court's failure to appoint an interpreter also violated the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution, he clarified in his reply brief that his complaint is based solely on Article 38.30(a).

be entitled to an interpreter under Article 38.30(a), "(1) the defendant must show an inability to understand English; and (2) *the defendant must make a timely request for an interpreter.*" (emphasis added)); *see also Ochoa v. State*, No. 07-18-00045-CR, 2019 WL 1870108, at *2 (Tex. App.—Amarillo April 25, 2019, no pet.) (mem. op., not designated for publication) (same). To support the existence of such a duty, Galindo relies upon a line of Texas cases requiring a trial judge to appoint an interpreter when necessary to ensure that the trial proceedings are translated into a language that the defendant can understand or to enable the defendant to meaningfully cross-examine a material witness. *See Garcia v. State*, 149 S.W.3d 135, 144–45 (Tex. Crim. App. 2004) (holding a defendant's Sixth Amendment right to an interpreter must be implemented unless expressly waived if the trial judge is aware that the defendant has difficulty understanding the English language); *see also Balderas v. State*, 517 S.W.3d 756, 777 (Tex. Crim. App. 2016) ("The trial court abuses its discretion when it fails to appoint an interpreter for a material witness whose English skills are so poor that the defendant cannot conduct a meaningful cross-examination."); *Miller v. State*, 177 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (extending *Garcia*'s reasoning to require an interpreter when necessary to allow the defendant to confront a material witness). Under *Garcia* and its progeny, the trial court's duty is rooted in the Sixth Amendment's "Confrontation Clause." U.S. Const. amend VI; *see Garcia*, 149 S.W.3d at 145; *see also Balderas*, 517 S.W.3d at 777; *Miller*, 177 S.W.3d at 5. However, as Galindo concedes, because his mother was a

defense witness, the Confrontation Clause is not implicated here. *See Ellis v. State*, 99 S.W.3d 783, 789 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Thus, the line of cases upon which Galindo relies is distinguishable. Because Galindo did not request an interpreter and the trial court had no duty to appoint one sua sponte under the circumstances presented in this case, there was no error.

We overrule Galindo's first point.

## B.     Point Two: Hearsay Objections

In his second point, Galindo asserts that the trial court erred by sustaining the State's hearsay objections to Galindo's attempts to testify about conversations he had with his attorney.[4] This argument is without merit.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003);

---

[4]Galindo also appears to rely upon the following additional exchange during cross-examination for which there was no objection or court ruling to support his second point:

Q:     I mean, you were just too busy, right? Got a lot of stuff going on, right?

A:     No. I didn't report also because I had – – I had asked my lawyer on that advice, and he said – –

Q:     I don't know what your lawyer said. Okay.

A:     Okay. Sounds good.

However, because this exchange involves no objection by Galindo, it provides no basis for his appellate complaint. *See* Tex. R. App. P. 33.1.

*Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh'g). We will not reverse a trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.*

Hearsay is not admissible except as otherwise provided by statute, the rules of evidence, or "other rules prescribed under statutory authority." Tex. R. Evid. 802. "Once the opponent of hearsay evidence makes the proper objection, it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character." *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). The proponent of the evidence generally must prove the applicability of a hearsay exception by a preponderance of the evidence. *See White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018).

On appeal, Galindo argues that his testimony concerning his conversations with his attorney should have been allowed because it falls within the state-of-mind exception to the hearsay rule. *See* Tex. R. Evid. 803(3). However, Galindo never made this argument—or, indeed, *any* argument as to why his hearsay testimony should be admitted—to the trial court. Thus, he has forfeited the error. *See* Tex. R. App. P. 33.1(a); *Le v. Shamblin*, No. 10-21-00105-CV, 2021 WL 4462519, at *3 (Tex. App.—Waco Sept. 29, 2021, no pet.) (mem. op.) (holding appellant had waived argument on appeal that hearsay exceptions applied because she had made no such argument in the

trial court); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (admonishing that for error to be preserved, the appellant's "point of error on appeal must comport with the objection made at trial").

We overrule Galindo's second point.

### III. Conclusion

Having overruled both of Galindo's points, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 23, 2023