

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00231-CR

———————————————

OLUWASEUN ELIJAH SHOMEFUN, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. 1754056

Before Sudderth, C.J.; Kerr, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Oluwaseun Elijah Shomefun appeals his conviction for driving while intoxicated with an alcohol concentration of 0.15 or more, a Class A misdemeanor. *See* Tex. Penal Code Ann. § 49.04(d). In a single issue, Shomefun complains that the trial court erred in failing to instruct the jury pursuant to Texas Code of Criminal Procedure Article 38.23 to disregard evidence it found to be illegally obtained. We affirm.

## I. BACKGROUND

Around 8:30 p.m. on September 26, 2022, Elizabeth Day was sitting in her car and talking with her friend. The friend's minivan was parked right next to Day's in the otherwise empty parking lot. Suddenly, they noticed "a silver Mercedes SUV-type car" with its hazard lights on enter the parking lot "really quickly" and park at an angle "really, really close" to her friend's car.[1] Concerned, Day moved her car to a different spot in the parking lot and called the Grapevine Police Department's nonemergency number. Officer Marcus Debruno arrived on scene and observed a silver Mercedes with its hazard lights blinking parked at an angle next to a white minivan. Officer Debruno got out of his patrol unit and approached the Mercedes, wherein he found Shomefun in the driver's seat as the vehicle's sole occupant. Officer Debruno noticed that Shomefun "was listening to his music excessively loud and did not notice [the

---

[1]According to Day's testimony, her vehicle was parked immediately next to the space where her friend's van was parked. The Mercedes came and parked on the other side of the van.

officer] despite [his] lights being right behind [Shomefun's] vehicle and [the officer] taking [his] flashlight and illuminating the cab before approaching."

After getting Shomefun's attention and speaking to him for a few moments, Officer Debruno smelled "an odor of an alcoholic beverage emitting from within the vehicle." As they continued talking, the odor became stronger, which Debruno testified at Shomefun's trial indicated "a strong odor of metabolization of alcohol on his breath." Officer Debruno also observed that Shomefun "had heavy, bloodshot, watered eyes; [h]is speech was slurred;" and he "seemed a little confused and disoriented." Based on his training and experience, Officer Debruno believed that Shomefun was intoxicated. He had Shomefun step out of the vehicle and perform three field sobriety tests. After administering the tests to Shomefun, Officer Debruno placed him under arrest for driving while intoxicated. A few hours later at a nearby hospital, a registered nurse drew a sample of Shomefun's blood.

At his trial, a forensic scientist who had tested a sample of Shomefun's blood testified that the sample she had tested returned a blood alcohol concentration of 0.236 grams of alcohol per 100 milliliters of blood. Shomefun did not testify or call any witnesses in his defense, but he did request that an Article 38.23 instruction be included in the jury charge.[2] *See* Tex. Code Crim. Proc. Ann. art. 38.23(a). He argued

---

[2]The Article 38.23 instruction that Shomefun requested at trial would have permitted the jury to consider "the evidence" if the jury believed "beyond a reasonable doubt that the peace officer lawfully obtained" it but that "[i]f you have a

3

that he was entitled to this jury instruction because there was a "lack of probable cause to arrest [due to] the issue of operation of a motor vehicle." The trial court denied this request and submitted the case to the jury, who then convicted Shomefun.

The trial court sentenced Shomefun to sixty days in jail. Shomefun timely filed a notice of appeal.

## II. DISCUSSION

In his lone issue, Shomefun argues that the trial court erred in failing to instruct the jury pursuant to Texas Code of Criminal Procedure Article 38.23 that the jury should disregard evidence it found was obtained illegally because there was a fact issue in dispute—whether Shomefun had driven to the location where he was found and ultimately arrested such that his arrest was therefore illegal. In reviewing a jury charge, we first determine whether error occurred; if not, then our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Article 38.23(a) provides,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution . . . shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

---

reasonable doubt that the peace officer lawfully obtained the evidence, you may not consider it."

4

Tex. Code Crim. Proc. Ann. art. 38.23(a). To be entitled to an Article 38.23 instruction, the defendant must show that (1) an issue of historical fact was raised in front of the jury, (2) the defendant contested the fact by affirmative evidence at trial, and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). Accordingly, although a fact issue on a defensive theory may be raised "from any source, and the evidence may be strong, weak, contradicted, unimpeached, or unbelievable," an Article 38.23 jury instruction must be included in the jury charge only if there is a factual dispute about how the evidence was obtained. *White v. State*, 201 S.W.3d 233, 248 (Tex. App.—Fort Worth 2006, pet. ref'd) (quoting *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004)).

Shomefun contends that there is a contested issue of fact as to whether he was the one who had actually driven to that location. Because the arrest was based in part on Shomefun operating the motor vehicle, he contends, "whether an objectively reasonable basis for the arrest existed was a contested fact that was material to the lawfulness of the arrest."[3] Shomefun directs us to the following evidence that he claims "affirmatively contested" this fact:

---

[3]On appeal, Shomefun has not identified what particular "evidence" he believes would have been rendered inadmissible if his arrest lacked probable cause, but we interpret him to argue that, if his arrest was illegal, then any evidence obtained as a result of his arrest—including his blood test—was illegally obtained.

5

- Although Officer Debruno testified that Shomefun described himself driving earlier in the day, Officer Debruno acknowledged that he did not know exactly when Shomefun was actually operating the vehicle

- None of the witnesses confirmed seeing Shomefun in the vehicle prior to when Officer Debruno approached the car.

- According to Shomefun, Day testified that she never saw who was driving, that she could not say the number of people who arrived in the vehicle, and that she lost line of sight of the vehicle.[4]

None of this testimony—or any other evidence in the record—created a fact issue that entitled Shomefun to the Article 38.23 instruction that he requested. There was no affirmative evidence that Shomefun had not driven to that location or that anyone else had operated his vehicle. The fact that none of the witnesses positively testified that they saw Shomefun "operate" his vehicle that night did not raise a factual dispute about the lawfulness of Shomefun's arrest. *See Robinson v. State*, No. 02-21-00113-CR, 2022 WL 3453549, at *9 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op., not designated for publication) ("The officers' admissions that they did not know with certainty whether Robinson was intoxicated or not when they approached his vehicle is not affirmative evidence that Robinson *did not appear* intoxicated, which is what he needed to get his requested instruction.").

---

[4]The record belies Shomefun's assertion that Day testified that she lost line of sight of his vehicle. To the contrary, Day testified that when she moved her car, she kept her eye on the vehicle through her rearview mirror at all times. She never testified otherwise.

6

Because Shomefun did not contest the fact that it was he—and only he—who had driven to the location where he was found and ultimately arrested, he was not entitled to the Article 38.23 instruction he requested. *See White v. State*, 549 S.W.3d 146, 154 n.21 (Tex. Crim. App. 2018) (stating that appellant did not establish that there was an issue of fact in dispute because he presented no evidence controverting the evidence presented by the State); *see also Robinson*, 2022 WL 3453549, at *9. We overrule Shomefun's sole issue.

### III.  CONCLUSION

Having overruled Shomefun's only issue, we affirm the trial court's judgment. Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 27, 2024